UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEALTH SYSTEMS INTERNATIONAL, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Cause No. 1:10-cv-1272-WTL-TAB ) |
| KEVIN W. BABB, | ) ) |
| Defendant. | ) ) |

## ENTRY ON MOTION TO TRANSFER VENUE

The Plaintiff in this case is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana. The Defendant is an Iowa resident who resides in Clive, Iowa. The Plaintiff alleges that the Defendant violated the federal Computer Fraud and Abuse Act ("the Act"), breached confidentiality, failed to return property, and violated a non-solicitation provision of a contract. The Plaintiff's Amended Complaint asserts claims for violation of the Act, breach of contract, fraudulent inducement, conversion, and misappropriation of trade secrets. Pending before the Court is the Defendant's motion to transfer this case to the United States District Court for the Northern District of Iowa ("Northern Iowa"),[1] pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

---

[1] In the alternative, the Defendant's motion seeks transfer to the United States District Court for the Southern District of Iowa. However, because the Court concludes that Northern Iowa is the most appropriate venue, the Court need not address this portion of the Defendant's motion.

There is no dispute that this case could have been brought in Northern Iowa. The issue, then, is in which district the convenience of the parties, the convenience of the witnesses, and the interest of justice will be best served. The general rule is that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re National Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). For the reasons set forth below, the Court determines that the balance of the relevant factors weighs in favor of granting the Defendant's motion and transferring this case to Northern Iowa.

As an initial matter, the Plaintiff asserts that the Defendant has contractually waived his right to challenge venue in this Court. However, as the Seventh Circuit has noted, "only one of § 1404(a)'s factors – convenience of the parties – is within the parties' power to waive." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In other words, a valid forum selection clause, such as the one in this case, "may waive a party's right to assert his own inconvenience as a reason to transfer a case, but district courts still must consider whether the 'interest[s] of justice' or the 'convenience of . . . witnesses' require transferring a case." *Id*. (quoting *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757-58 (3d Cir. 1973)). Given the Defendant's waiver, even though Northern Iowa clearly is more convenient for the Defendant, this first factor does not support transferring the case to that district.

The second question this Court considers on a motion to transfer under § 1404(a) is the convenience of the witnesses. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 n.3 (7th Cir. 1986). The Defendant identifies several witnesses for whom Northern Iowa would be more convenient. Specifically, the Defendant claims that Brandon Reilly, the Plaintiff's former

2

information-technology specialist, will testify about the Defendant's "normal practices with repsect for preparing computers for use by a new employee." Docket No. 18 at 4. According to the Defendant, Reilly's testimony will negate the Plaintiff's allegations that the Defendant "secretly and improperly removed material from a computer that had been assigned to him." *Id*. The Defendant also indicates that he intends to call as many as eleven other Iowa residents as witnesses in this case. In response, the Plaintiff argues that it may call at least one non-party witness who resides in Indiana to testify at trial. *See* Docket No. 21 at 10-11. The Plaintiff also notes that many of its corporate representatives reside in Indiana and would have to travel to Iowa were this case transferred there. Clearly, Northern Iowa is more convenient for the Defendant and its witnesses, while it appears that this Court is more convenient for the Plaintiff and its witnesses. Accordingly, this second factor is a wash.

This means that the third factor, the "interest of justice" takes on special importance. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system. For example, the interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial." *Coffey*, 796 F.2d at 221. Neither of the parties addresses this issue, and the Court notes only that as of September 2009, in this jurisdiction the median time interval from filing to disposition in a civil case is 9.4 months. In Northern Iowa it is a slightly shorter 8.6 months. However, for that same time period (the most recent for which data is available), the Southern District of Indiana had 492 civil cases per authorized judgeship[2] whereas Northern Iowa had only 233 civil cases per

---

[2] The weighted figure is slightly higher – 525 cases per authorized judgeship.

3

authorized judgeship.³ These statistics indicate that transfer to Northern Iowa would likely expedite that parties' proceedings.

Moreover, litigation that is at least tangentially related to this case is already pending in Northern Iowa. Although the Plaintiff disputes the "relatedness" of the suits in Northern Iowa and argues that separate trials on damages will be necessary, this Court is not convinced that it is more efficient to divide what is really one "big case" into several smaller cases spread around the country. The general rule is that "related litigation should be transferred to a forum where consolidation is feasible," *Coffey*, 796 F.2d at 221, for the basic reason that it is far more efficient overall for a single judge to become familiar with the common legal issues and how the law is applied than for several judges to do so. Accordingly, the Defendant's Motion to Transfer Venue (Docket No. 17) is **GRANTED**.⁴ The Clerk is ordered to transfer this case to the Northern District of Iowa.

SO ORDERED: 03/18/2011

                                                            *William T. Lawrence*
                                                            Hon. William T. Lawrence, Judge
                                                            United States District Court
                                                            Southern District of Indiana

Copies to:

Arend J. Abel
Cohen & Malad LLP
aabel@cohenandmalad.com

---

³ The weighted figure is slightly lower – 215 cases per authorized judgeship.

⁴ Having granted the Defendant's motion, the Plaintiff's Motion for Leave to File a Surreply (Docket No. 25) is **DENIED**.

Mark R. Alson
Ice Miller LLP
mark.alson@icemiller.com

Michael J. Blinn
Cohen & Malad LLP
mblinn@cohenandmalad.com

Melanie E. Harris
Ice Miller LLP
melanie.harris@icemiller.com

Michael A. Wukmer
Ice Miller LLP
michael.wukmer@icemiller.com

Mark L. Zaiger
Shuttleworth & Ingersoll, P.L.C.
mlz@shuttleworthlaw.com